JUDGE CROTTY   12 CV 5289

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

CHRISTOPHER BALKCOM and CHICARL BALKCOM,

                                                      Plaintiffs,

               -against-

THE CITY OF NEW YORK; POLICE OFFICER ALBERT TORRES, SHIELD NO. 023505; POLICE OFFICER RANDY BROWNE, SHIELD NO. 011092; JOHN and JANE DOE 3 – 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                                 Defendants.

-----------------------------------------------------------------x

COMPLAINT
Index No.



JURY TRIAL DEMANDED

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution of the United States.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988; 42 U.S.C. Ch. 126, also known as the Americans with Disabilities Act, as amended ("ADA"); and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiffs demand a trial by jury in this action.

**PARTIES**

6. Plaintiff Christopher Balkcom, an African-American male, is a resident of Bronx County in the City and State of New York.

7. Plaintiff Chicarl Balkcom, an African-American male, is a resident of Bronx County in the City and State of New York.

8. Defendant The City of New York is a municipal organization organized under the laws of the State of New York. It operates the New York City Police Department ("NYPD"), a department or agency of defendant The City of New York. The NYPD is responsible for the appointment, training, supervision, promotion, and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer Albert Torres ("Torres"), Shield No. 023505, at all times relevant herein, was an officer, employee, and agent of the NYPD. He is sued in his individual and official capacities.

10. Defendant Police Officer Randy Browne ("Browne"), Shield No. 011092, at all times relevant herein, was an officer, employee, and agent of the NYPD. He is sued in his individual and official capacities.

11. At all times relevant herein, defendants John and Jane Doe 3 through 10 were police officers, detectives, or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 3 through 10. Defendant John and Jane Doe 3 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting as agents, servants, and employees of defendant The City of New York and the NYPD.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. On December 15, 2010, plaintiffs Christopher Balkcom and Chicarl Balkcom were lawfully present inside of 1348 Webster Avenue, Apt. 7-G ("Subject Apartment") in Bronx, New York.

15. The Subject Apartment has three bedrooms.

16. Plaintiffs were there with their brother and sister when the police arrived.

17. Browne, Torres, and John Doe 3, in plainclothes, knocked on the door of the Subject Apartment.

18. The door of the apartment was opened by plaintiffs' brother.

19. Browne, Torres, and John Doe 3 identified themselves and as New York City Housing Authority workers and asked to come in to inspect the detectors in the apartment to ensure that they were working.

20. Once inside the apartment, Browne, Torres, and John Doe 3 unlawfully stopped plaintiffs and their sister and ordered them to to sit on the couch in the living room of the Subject Apartment.

21. Browne, Torres, and John Doe 3 searched the Subject Apartment.

22. During the search of the Subject Apartment, John and Jane Doe 4 through 10 arrived at the Subject Apartment.

23. Browne, Torres, and John Doe 3 alleged to have recovered drugs and ammunition from within a bedroom the individual defendants knew was solely and exclusively occupied by

plaintiffs' brother, and to which the individual defendants knew the plaintiffs did not have access to.

24. The individual defendants informed the plaintiffs that they would be arrested along with their brother, despite their knowledge that the plaintiffs had not been in possession of any illegal items.

25. Plaintiffs' arrests were approved by John Doe 10, a supervisor with the NYPD.

26. The individual defendants were informed by plaintiff Chicarl Balkcom that he suffered from a disability, namely that he had severe pain and limitation of motion in both of his knees, and required the use of a cane to walk.

27. The individual defendants were informed by plaintiff Christopher Balkcom that he suffered from a disability, namely that he suffers from seizures and that he required the use of medication taken twice a day to control these seizures.

28. The individual defendants refused to accommodate plaintiffs' disabilities.

29. Plaintiffs were searched and transported to Police Service Area 7 in a cramped NYPD vehicle.

30. During the time that he was being transported, plaintiff Chicarl Balkcom complained about the manner and vehicle in which he was being transported, both of which caused him severe pain and injury to his already bad knees. The individual officers ignored his pleas.

31. At Police Service Area 7, plaintiffs were separately subjected to humiliating, degrading, and illegal strip searches of their bodies. The strip searches of plaintiffs entailed, among other things, that plaintiffs were required to squat and cough.

32. At the time that he was strip searched, plaintiff Chicarl Balkcom pled with the individual officers to not conduct the strip search as squatting would cause pain and injury to his knees. The individual officers ignored his pleas and plaintiff Chicarl Balkcom was forced to squat during the strip search, causing him pain and injury to his already bad knees.

33. Plaintiffs were transported to Central Booking in another NYPD vehicle which caused further injury and pain to plaintiff Chicarl Balkcom's already bad knees. Plaintiff Chicarl Balkcom complained during this time to the individual officers, who ignored his pleas.

34. Once at Central Booking, plaintiff Chicarl Balkcom was forced to stand for hours as he was being processed, despite informing the individual officers that doing so would cause great pain and injury to his knees. The individual officers ignored his pleas.

35. At the precinct and Central Booking, plaintiff Chicarl Balkcom requested medical attention and a cane for his knees, but it was refused each time.

36. At the precinct and Central Booking, plaintiff Christopher Balkcom requested his seizure medication, but it was refused each time.

37. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarassment, humiliation, damage to their reputations, and serious bodily injury.

### FIRST CAUSE OF ACTION
*42 U.S.C. § 1983*

38. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

39. Defendants, by their conduct toward plaintiffs as alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

40. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein alleged.

## SECOND CAUSE OF ACTION
*Unlawful Stop and Search*

41. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

42. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

43. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein alleged.

## THIRD CAUSE OF ACTION
*False Arrest*

44. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

45. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

46. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein alleged.

## FOURTH CAUSE OF ACTION
*Denial of Substantive Due Process*

47. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

48. The individual defendants created false evidence against plaintiffs.

49. The individual defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's Office.

50. In creating false evidence against plaintiffs, and in forwarding false evidence to prosecutors, the individual defendants violated plaintiffs' right to substantive due process under

the Due Process Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States.

51. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein alleged.

## FIFTH CAUSE OF ACTION
*Malicious Abuse of Process*

52. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

53. The individual defendants issued legal process to place plaintiffs under arrest.

54. The individual defendants arrested plaintiffs in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their unlawful stop, and search, as well as to obtain overtime pay.

55. The individual defendants acted with intent to do harm to plaintiffs without excuse or justification.

56. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein alleged.

## SIXTH CAUSE OF ACTION
*Failure to Intervene*

57. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

58. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

59. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

60. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein alleged.

### SEVENTH CAUSE OF ACTION
*Section 12132 of the Americans with Disabilities Act of 1990, As Amended ("ADA")*

61. Plaintiff repeat and reallege each and every allegation as if fully set forth herein.

62. Plaintiff Chicarl Balkcom suffers from shattered knees. It is a condition that causes him to have severe pain and limp when he walks and when he sits in certain positions. Accordingly, plaintiff Chicarl Balkcom qualifies as a person with an impairment that substantially limits one or more of his major life activities. His condition therefore constitutes a protected disability under the ADA.

63. Plaintiff Christopher Balkcom suffers from epilepsy. It is a condition that causes him to have seizures. Accordingly, plaintiff Christopher Balkcom qualifies as a person with an impairment that substantially limits one or more of his major life activities. His condition therefore constitutes a protected disability under the ADA.

64. The above-described conduct amounts to discrimination against plaintiffs as it violates Section 12132, which states: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

65. Pursuant to Section 12121, defendant The City of New York is a "public entity" subject to the provisions of the ADA.

66. Defendant The City of New York's, through its employees and agents, intentional or otherwise deliberate refusal to accommodate the needs of plaintiffs, in light of their knowledge of plaintiffs' physical conditions, violated the ADA.

67. Instead of accomodating plaintiffs' needs, defendant The City of New York, through its employees and agents, denied plaintiffs services and programs available to others that could have prevented this miscarriage of justice, as well as plaintiffs' pain and suffering.

68. The failure to accommodate plaintiffs' disabilities was intentional and/or deliberately indifferent to plaintiffs' rights under Chapter 126 of the ADA and was the proximate cause of their injuries.

69. As a consequence of defendant The City of New York's discriminatory treatment and lack of accomodation, plaintiffs suffered serious injuries. Plaintiffs are, thus, entitled to damages.

## EIGHTH CAUSE OF ACTION
### § 504 of the Rehabilitation Act

70. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

71. To the extent that plaintiff Chicarl Balkcom suffers from a physical condition that affects his ability to walk and sit in certain positions, he qualifies as a person with an impairment that substantially limits one or more of his major life activities. Plaintiff's disability, therefore, constitutes a protected disability under the Rehabilitation Act.

72. To the extent that plaintiff Christopher Balkcom suffers from a physical condition that causes seizures, he qualifies as a person with an impairment that substantially limits one or more of his major life activities. Plaintiff's disability, therefore, constitutes a protected disability under the Rehabilitation Act.

73.     Defendant The City of New York's intentional refusal to accommodate the needs of plaintiffs by failing to accommodate their physical conditions was tantamount to a denial of services and programs available to others that could have prevented this miscarriage of justice, as well as plaintiffs' pain and suffering.  The failure to accommodate plaintiffs' disabilities was intentional and/or deliberately indifferent to their rights under § 504 of the Rehabilitation Act, and bore a causal link to plaintiffs' subsequent injuries.

74.     As a consequence of defendant The City of New York's discriminatory treatment and lack of accomodation, plaintiffs suffered serious injuries and is entitled to damages.

## NINTH CAUSE OF ACTION
*Equal Protection Clause under 42 U.S.C. § 1983*

75.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

76.     The defendants' conduct was tantamount to discrimination against plaintiffs based on their disabilities.  Other individuals who have shattered knees and/or epilepsy are not arrested. This disparate treatment caused plaintiffs to suffer serious injuries.

77.     As a result of the foregoing, plaintiffs were deprived of their rights under the Equal Protection Clause of the Constitution of the United States, and are thereby entitled to damages.

## TENTH CAUSE OF ACTION
*Conspiracy under 42 U.S.C. § 1983*

78.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

79.     The defendants jointly participated in the deprivation of plaintiffs' constitutional rights as set forth herein.

80. The defendants conspired in the deprivation of plaintiffs' constitutional rights by collectively lying about plaintiffs' actions and conduct, and intentionally withholding and/or destroying exculpatory evidence in order to support the defendants' fabricated version of the events.

81. As a result of the defendants' malicious efforts to damage plaintiffs, plaintiffs' liberty was restricted, they was restrained, injured while in custody, subjected to handcuffing, and, among other things, falsely arrested and prosecuted.

82. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein alleged.

## ELEVENTH CAUSE OF ACTION
*Supervisory Liability under 42 U.S.C. § 1983*

83. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

84. Defendant John Doe 10, an NYPD supervisor, personally caused plaintiffs' constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise his subordinate employees regarding the adequate and proper investigation of the underlying facts that preceeded plaintiffs' arrests, and by approving plaintiffs' arrests despite the availability of exculpatory evidence and/or the lack of probable cause.

85. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein alleged.

## TWELFTH CAUSE OF ACTION
*Monell*

86. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

87. This is not an isolated incident. Defendant The City of New York, through its policies, customs, and practices, directly caused the constitutional violations suffered by plaintiffs.

88. Defendant The City of New York, through the NYPD, has had, and still has, hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

89. Defendant The City of New York, through the NYPD, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence, and perjury.

90. Defendant The City of New York, through the NYPD, has a *de facto* overtime policy that encourages and incentivizes unlawful stops, unlawful searches, false arrests, the fabrication of evidence, and perjury.

91. Defendant The City of New York, at all relevant times, was aware that the individual defendants routinely committed constitutional violations such as those at issue here and has failed to change its policies, practicies, and customs to stop this behavior.

92. Defendant The City of New York, at all relevant times, was aware that the individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

93. These policies, practices, and customs were the moving force behind plaintiffs' injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a)   Compensatory damages against all defendants, jointly and severally;

(b)   Punitive damages against the individual defendants, jointly and severally;

(c)   Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d)   Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       July 6, 2012

By: _____
GREGORY P. MOUTON, JR. (GM-4379)
The Law Office of Gregory P. Mouton, Jr.
(Of Counsel to The Law Office of D.
 Andrew Marshall in this action)
Attorney for Plaintiff
244 5th Avenue, #G247
New York, NY  10001
Phone & Fax: (646) 706-7481

The Law Office of D. Andrew Marshall
Attorney for Plaintiff's
225 Broadway, Suite 1804
New York, NY  10007
Phone: (212) 571-3030
Fax: (212) 587-0570

Index No.
_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER BALKCOM and CHICARL BALKCOM,

Plaintiffs,

-against-

THE CITY OF NEW YORK; POLICE OFFICER ALBERT TORRES, SHIELD NO. 023505; POLICE OFFICER RANDY BROWNE, SHIELD NO. 011092; JOHN and JANE DOE 3 – 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.
_____

COMPLAINT
_____